**CLD-115 and CLD-116**                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 15-3002 & 15-3011
_____

IN RE:  GALINA ANATOLIY VALEEVA,
                                                                           Petitioner
_____

On Petitions for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 22, 2016

Before: FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 4, 2016)

_____

OPINION[*]
_____

PER CURIAM

Galina Anatoliy Valeeva has filed petitions for writ of mandamus seeking to have

this Court "construe a trust," compel the respondents to appear and answer for their

breach of that trust, and to enforce the trust on her behalf.  We will deny the petitions.

Valeeva's mandamus petitions are anything but a model of clarity.  As best we can

decipher, it appears that Valeeva takes issue with foreclosure and civil ejectment

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

proceedings that were initiated against her in the Court of Common Pleas of Bucks County. See Mandamus Pet. in C.A. No. 15-3011 at 3-4. In her supplemental filing, Valeeva further complains of the forced eviction that she asserts occurred on August 28, 2015. See Doc. in Supp. at 1. She apparently wants this Court to "construe" a trust which would require the respondents to hold the foreclosed property in trust for her use and benefit, while discharging and releasing her from all liabilities. See Mandamus Pet. in C.A. No. 15-3002 at 9, 13.

Mandamus is an extraordinary remedy. See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus is generally a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (quoting In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he [or she] desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks, alteration omitted).

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue writs of mandamus "in aid of" our jurisdiction and "agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). We may therefore consider a petition for mandamus only if the action involves subject matter that may at some time come within

2

this Court's jurisdiction.  See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist").  Valeeva, however, points to no such jurisdiction and we are not aware of any.  She has filed no action in any of the district courts in this Circuit; thus, there is no pending action over which a writ of mandamus might aid our jurisdiction.

Additionally, Valeeva has failed to demonstrate a clear and indisputable right to have this Court "construe" a trust whereby her former property is held for her benefit and use while all liabilities are "discharged and released."  To the extent Valeeva takes issue with any order entered by the Court of Common Pleas of Bucks County in the foreclosure and/or ejectment actions, her recourse is through the state court system.  Accordingly, we do not hesitate to conclude that Valeeva has failed to demonstrate that she is entitled to mandamus relief, and we will deny these petitions without further discussion.

Finally, because Valeeva has not shown that "disclosure will work a clearly defined and serious injury to the party seeking closure," In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001) (quoting Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994)), we deny her motion to seal her filings.

3